UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JACK NEWSOME,
   Plaintiff,

  vs.                                                No. 03-1109
DONALD SNYDER, et.al.,
   Defendants

## CASE MANAGEMENT ORDER

      This cause is before the court for case management and consideration of the following motions: plaintiff's motions to amend the June 13, 2005 court order [d/e 134,137, 150] and plaintiff's third motion for appointment of counsel. [d/e 154]

### STATEMENT OF CLAIMS

      This case is now more than two years old and the plaintiff is still battling over the issues in his case. The original complaint was filed pursuant to 42 U.S.C.§1983 against 60 defendants. The plaintiff then filed an amended complaint which asked to dismiss one defendant and add twelve more defendants. On March 16, 2005, the court found that the amended complaint violated Rule 8 of the Federal Rules of Civil Procedure. See March 16, 2005 Court Order. The court gave the plaintiff additional time to file a second amended complaint with specific guidelines to follow. Id. The plaintiff filed a second amended complaint, but did not follow the court's guidelines.

      The court then set this case for a merit review hearing. The plaintiff was advised that this would be his last chance to clearly state his claims so the defendants could file a proper response. During the merit review hearing, the court reviewed the claims with the plaintiff one by one. The court struck the second amended complaint and entered a Case Management Order that specified each of the claims and defendants. The order identified seven major claims against 29 defendants.

      The plaintiff was advised that if he believed the court had not properly identified a claim, he should specify any omitted claims within fourteen days. See June 13, 2005 Court Order. The plaintiff was also admonished that he should only address claims that were raised in his second amended complaint.

      The plaintiff has now filed several motions disagreeing with the court's interpretation of his claims.[d/e 134,137, 150] The plaintiff's rambling documents point to allegations not made in the second amended complaint or disagreements with claims that were dismissed. The

1

motions are denied. The court has been patient and lenient in its interpretation of potential claims. The plaintiff has been given ample opportunity to give a clear and concise statement of his claims. However, this case will not progress if plaintiff continues to debate claims. It is also not in the plaintiff's best interest to add so many claims and so many defendants that he can not properly present his case, the defendants cannot properly respond and the claims become hopelessly confused. This case will proceed only on the claims identified in the June 13, 2005 Court Order.

MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has filed a third motion for appointment of counsel.[d/e 155] The motion is denied. The plaintiff has no constitutional or statutory right to be represented by an attorney. In deciding whether to appoint counsel in a particular case, the court must determine whether the plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of the lawsuit. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). In addition, the court does not have ready attorneys to appoint in all pro se cases.

> Lawyers who accept appointments to represent pro se plaintiffs in civil cases are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. Further, the number of lawyers able to take court appointments is very limited. Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer. *King v. Frank,* 328 F. Supp.2d 940, 951 (W.D.Wis   July 27, 2004).

At this point in the litigation, the court finds that the plaintiff is capable of representing himself.

**IT IS THEREFORE ORDERED;**

**1) The plaintiff's various motions asking to amend or correct the June 13, 2005 Case Management Order are denied. [d/e 134,137, 150] This case will proceed on the claims identified in the June 13, 2005 case management order.**

**2) Plaintiff's motion for appointment of counsel is denied. [d/e 154]**

**3) The court will abide by the following scheduling deadlines:**

**a) All discovery must be completed by August 1, 2006.**

**b) Any dispositive motions must be filed by August 15, 2006.**

ENTERED this 9th day of February, 2006.

                              **s\Harold A. Baker**
                              _____
                              HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE